UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
SAFTA RIVER NORTH MEMBER, LLC,                              :
                                                            :
                         Plaintiff,                         :
                                                            :               25 Civ. 6175 (JPC)
          -v-                                               :
                                                            :               ORDER
SAFTAS 86 LLC d/b/a SAFTAS *et al.*,                       :
                                                            :
                                                            :
                         Defendant.                         :
                                                            :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Philip Y. Braginsky, an attorney with the law firm Tarter Krinsky & Drogin LLP, moves to

withdraw as counsel for Defendants Saftas 86 LLC ("Saftas"), Yoel Aryeh, and Sonny Gindi. Dkt.

30 ("Motion"). For the below reasons, the Court grants Mr. Braginsky's motion in part.

"Whether to grant a motion to withdraw falls to the sound discretion of the trial court, which

must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing

of the proceeding." *Lombardo v. JPMorgan Chase Bank, N.A.*, No. 20 Civ. 6813 (VB), 2024 WL

4707937, at *2 (S.D.N.Y. Nov. 7, 2024) (internal quotation marks omitted). With regard to the first

factor, the Court finds the stated reasons for withdrawal satisfactory. As Mr. Braginsky's motion

explains, his clients have not paid required attorney fees and therefore "communications . . . have

deteriorated to the point that [he] can no longer adequately represent Defendants." Motion at 1.

With regard to Aryeh and Gindi, the Court also finds "the prosecution of the suit is [not]

likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d

Cir. 1999). The case was filed less than a half-year ago, and discovery is still at an early stage. To

afford time for these Defendants to retain new counsel, the Court stays all deadlines in this case

until February 27, 2026. By that date, Aryeh and Gindi shall file letters stating whether they intend

to proceed *pro se* or have retained substitute counsel.

The Court reaches a different conclusion with respect to Saftas.  It is well-established in this Circuit that a corporate entity cannot proceed *pro se.  See Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007).  If Saftas fails to secure new counsel before Mr. Braginsky's withdrawal, the company will face being in default.  The Court orders Saftas to submit a status letter by February 27, 2026, through Mr. Braginsky, indicating whether the company has retained new counsel or otherwise describing its efforts to secure new counsel.  Mr. Braginsky may renew his motion to withdraw at that point.

The Court therefore grants Mr. Braginsky's motion to withdraw as counsel for Aryeh and Gindi, and denies without prejudice Mr. Braginsky's motion to withdraw as counsel for Saftas.  The Clerk of Court is respectfully directed to close Docket Number 30.

   SO ORDERED.

Dated: January 27, 2026
   New York, New York

            JOHN P. CRONAN
           United States District Judge

2